IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGIA ANN NOWELL, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| OFFICER LARRY CONNER, et al., | § | 2:05-CV-218-J |
| | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT TASER INTERNATIONAL'S MOTION TO DISMISS**

Before the Court is Defendant Taser International, Inc.'s Rule 12(b)(6) motion, filed August 29, 2005, to dismiss Plaintiff's product liability claims. On October 6, 2005, the Plaintiffs were ordered to file a response to this motion by not later than October 20, 2005. Despite that order no response to this motion has been filed, and the time to do so has long expired. Further, the pleading defects identified in Defendant's motion to dismiss were not cured by Plaintiffs when their amended complaint was subsequently filed. For the following reasons this motion is granted.

*Standards for Rule 12(b)(6) Motions*

The federal rules require that a pleading need only furnish a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro. 8(a). Rule 12 (b)(6) motions therefore function to test the formal sufficiency of a complaint against the liberal pleading requirements of Rule 8. See C. Wright & A. Miller, 5 Federal Practice and Procedure § 1356 at 590 (1969). In analyzing a defendant's Rule 12(b) motion to dismiss, the Court must accept the allegations of a plaintiff as true and construe them in a light most favorable to the plaintiff. Bruce

v. First Federal Sav. & Loan Ass'n of Conroe, Inc., 837 F.2d 712, 713 (5th Cir. 1988); Abdul Alim Amin v. Universal Life Insurance Co. of Memphis, 706 F.2d 638, 640 (5th Cir. 1983).

*Discussion and Analysis*

This is a wrongful death civil rights case.  According to the complaint, Troy Nowell died on August 4, 2003, after being beaten by the Defendant Officers with a metal baton, stunned by a Taser gun, handcuffed, and placed face down in a parking lot, where he was later found to have stopped breathing.  Efforts to resuscitate him failed.  Plaintiffs allege that the sued police officers knew subjectively that their conduct was improper, and that this conduct was objectively impermissible.

Plaintiffs brought federal civil rights claims against Amarillo police officers Larry Conner and Eddie Stallings, plus a state-law based claim of assault and battery.  However, against Defendant Taser International, Inc. Plaintiffs assert only product liability claims of manufacturing and design defects and a failure to warn of danger from use and misuse of a Taser gun.  Defendant moves for dismissal of all of those state-law based product liability claims.

Defendants argue and cite legal authority that: 1) pursuant to Texas law it does not have a duty to warn the deceased of the dangers of the Taser gun, *Humble Sand & Gravel, Inc. v. Gomez,* 146 S.W.3d 170, 181-82, 190 (Tex. 2004); *Keene v. Sturm, Ruger & Co.,* 121 F.Supp.2d 1063, 1069-70 (E.D. Tex. 2000), 2) that it did not have a duty which it violated to warn the sued police officers of the dangers of the use, or the misuse, of the Taser gun, under the specific facts of this case because the deceased was engaged in criminal conduct justifying the use of at least some force, *Graham v. Conner,* 490 U.S. 386, 396-97 (1989), 3) that Plaintiffs have failed to plead the necessary causation elements of their failure to warn and manufacturing and design defect claims, *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 844 (Tex. 2000);  *Bloxham v. Glock, Inc.,* 53 P.3d 196 (Ct. App.

Div. 2 2002, *review denied*), and 4) that Plaintiffs have failed to plead that a safer alternative Taser gun design exists, as required by Texas law, Tex. Civ. Prac. & Rem. Code Ann. § 82.001(2) & 82.005(a) (West 2005). Plaintiffs have cited no authority to the contrary on any of these points.

Furthermore, despite the fact that all of these pleading defects were specifically identified before Plaintiffs' amended complaint was filed, Plaintiffs chose not to cure any of the identified pleading defects when they filed their amended complaint. While the liberal pleading requirements under the federal rules provide for some leniency, the notice pleading standards of the Federal Rules of Civil Procedure require the complaint to include the operative facts upon which a plaintiff bases her claims. *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 198 (7th Cir. 1985). Although the Plaintiffs need only set out a generalized statement of facts there must still be sufficient information to outline the elements of the pleader's claims. *Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1st Cir. 1977). If a complaint omits facts concerning pivotal elements of the pleaders' claim, the Court is justified in assuming the nonexistence of such facts. *O'Brien v. DiGrazia,* 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). In this vein, the Court has examined the theories alleged in the Plaintiffs' amended complaint to see if Plaintiffs wholly failed to plead facts which would support pivotal elements of each theory of recovery. After comparing the amended complaint with the original complaint and both against the defects pointed out by Defendant Taser's motion to dismiss, the Court finds no new factual basis to sustain its claims; only unsupported legal conclusions for which dismissal is the appropriate remedy. *See Ledesma for Ledesma v. Dillard Dept. Stores, Inc.,* 818 F.Supp. 983 (N.D. Tex.1993).

For all of these reasons, Defendant's motion to dismiss is granted.

*Conclusions*

Plaintiffs' product liability claims asserted against Defendant Taser International, Inc. under state law are hereby dismissed. A final judgment will be entered for this defendant only in accordance with this opinion and order.

It is SO ORDERED.

Signed this the __5th__ day of January, 2006.

                                                /s/ Mary Lou Robinson
                                                **MARY LOU ROBINSON**
                                                UNITED STATES DISTRICT JUDGE